UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CYN Z., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | CASE NO. C20-5406-MAT <br><br> ORDER RE: SOCIAL SECURITY DISABILITY APPEAL |

Plaintiff proceeds through counsel in her appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied Plaintiff's application for Supplemental Security Income (SSI) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, this matter is REVERSED and REMANDED for further administrative proceedings.

**FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1974,[1] and has a high school education (AR 32.) Plaintiff applied for SSI in March 2015. (AR 34.) Following a remand order from the Appeals Council (AR

---

[1] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL - 1

270-75), ALJ Rebecca L. Jones held a hearing on March 26, 2019, taking testimony from Plaintiff and a vocational expert (VE). (AR 157-93.) On June 10, 2019 the ALJ issued a decision finding Plaintiff not disabled. (AR 14-42.) Plaintiff timely appealed. The Appeals Council denied Plaintiff's request for review (AR 1-7), making the ALJ's decision the final decision of the Commissioner. Plaintiff now seeks judicial review.

## JURISDICTION

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## DISCUSSION

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must be determined whether the claimant is gainfully employed. The ALJ found Plaintiff had not engaged in substantial gainful activity since March 2, 2012, the amended alleged onset date. (AR 20.) At step two, it must be determined whether a claimant suffers from a severe impairment. The ALJ found severe Plaintiff's fibromyalgia, interstitial lung disease, somatoform disorder, anxiety disorder not otherwise specified, and major depressive disorder; and not severe Plaintiff's migraine headaches and idiopathic hypersomnia/narcolepsy. (AR 20-21.) The ALJ did not make any findings regarding Plaintiff's clubbed fingers. Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found that Plaintiff's impairments did not meet or equal the criteria of a listed impairment. (AR 21.)

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to perform past relevant work. The ALJ found Plaintiff capable of performing light work as defined in 20 CFR 416.967(b), subject to additional limitations. (AR 23.)

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL - 2

With that assessment, and with the assistance of the VE, the ALJ found Plaintiff able to perform the following jobs existing in significant numbers in the national economy: marker, production assembler, and garment folder. (AR 32-33.) The ALJ concluded Plaintiff was not disabled from March 2, 2014 through the date of the decision. (AR 33.)

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues the ALJ erred by (1) finding Plaintiff's migraines, hypersomnia, and clubbed fingers not severe at step two; (2) discounting her testimony; and (3) discounting certain medical evidence and opinions. The Commissioner argues that the ALJ's decision is supported by substantial evidence and should be affirmed.

<u>Step Two</u>

At step two, a claimant must make a threshold showing that her medically determinable impairments significantly limit her ability to perform basic work activities. *See Bowen v. Yuckert*, 482 U.S. 137, 145 (1987); 20 C.F.R. § 404.1520(c). To establish a severe impairment at step two, the condition "must result from anatomical, physiological, or psychological abnormalities that can be shown by medically acceptable clinical and laboratory diagnostic techniques. Therefore, a physical or mental impairment must be established by objective medical evidence from an

acceptable medical source." 20 C.F.R. § 404.1521. Plaintiff carries the burden of proving an impairment is disabling; a statement of symptoms is insufficient. *Miller v. Heckler*, 770 F.2d 845, 849 (9th Cir. 1985).

Plaintiff argues the ALJ erred at step two in finding migraines, hypersomnia, and clubbed fingers not severe impairments.

Regarding migraines and hypersomnia, the ALJ found "there is no objective medical evidence to show these impairments are more than transient or that they cause significant vocational limitations." (AR 20.) As to migraines, the ALJ acknowledged "[t]he medical records note complaints and treatment for migraine headaches," but found "imaging of the brain showed no evidence of etiology or sequlae of migraine headaches." (*Id*.) Plaintiff argues the ALJ harmfully erred by requiring imagining results. Dkt. 22 at 12. Plaintiff correctly points to SSR 19-4p, which states: "While imaging may be useful in ruling out other possible causes of headache symptoms, it is not required for a primary headache diagnosis." Further, the ALJ does not have the expertise to evaluate what clinical findings are necessary to corroborate Plaintiff's claims, particularly when the cause of migraines is generally unknown. *See Day v. Weinberger*, 522 F.2d 1154, 1156 (9th Cir. 1975) (recognizing that an ALJ is "not qualified as a medical expert"); *Johnson v. Saul*, No. 2:18-cv-226-EFC, 2019 WL 4747701, at *4 (E.D. Cal. Sept. 30, 2019) (noting that "the cause of migraine headaches is generally unknown"); *Groff v. Comm'r of Soc. Sec.*, No. 7:05-CV-54, 2008 WL 4104689, at *8 (N.D.N.Y. Sept. 3, 2008) (citing *The Merck Manual* 1376 (17th ed. 1999)).

In response, the Commissioner argues Plaintiff "fails to recognize the other evidence the ALJ considered that showed Plaintiff had declined pain medication and failed to consistently report severe migraine concerns and limitations to her providers." Dkt. 27 at 12. However, the ALJ did not reject the severity of Plaintiff's migraines on this basis and this defense is thus an impermissible

post hoc argument. The Court reviews the ALJ's decision "based on the reasoning and factual findings offered by the ALJ—not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r of Soc. Sec.*, 554 F.3d 1219, 1225 (9th Cir. 2009) (citing, *inter alia*, *Snell v. Apfel*, 177 F.3d 128, 134 (2d Cir. 1999) ("The requirement of reason-giving exists, in part, to let claimants understand the disposition of their cases…")). The ALJ accordingly erred in finding migraines not severe at step two.

Next, as to hypersomnia, although the ALJ acknowledged Plaintiff "has a history of disordered sleep," the ALJ found "a sleep latency test could not rule out narcolepsy, it yielded otherwise normal results, and a polysomnogram report showed hypersomnia or somnolence without significant sleep apnea." (AR 20.) Despite finding the record established a diagnosis of hypersomnia, the ALJ neither explained why the condition is not severe nor assessed it in determining Plaintiff's RFC. The ALJ accordingly harmfully erred in finding hypersomnia not severe at step two. *See Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007) (the failure to address an impairment at step two is harmful if the RFC does not discuss it at step four).

Finally, the ALJ neither discussed Plaintiff's clubbed fingers at step two nor considered the condition in fashioning the RFC. Although there is no dispute Plaintiff has clubbed fingers, the parties argue over the impact of the condition. The parties' arguments, however, are not a substitution for the ALJ's responsibility to assess the condition's potential functional limitations in determining Plaintiff's ability to perform work. Remand is thus necessary for such an assessment in the first instance.

<u>Plaintiff's Testimony</u>

Because the ALJ erred at step 2 and in evaluating the medical evidence below, the ALJ should reassess Plaintiff's testimony on remand.

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL - 5

Medical Evidence

An ALJ may only reject the contradicted opinion of a treating or examining doctor by giving "specific and legitimate" reasons. *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017). Plaintiff argues the ALJ erred by discounting the opinions of Mark Heilbrunn, M.D., Scott Alvord, Psy.D., Kimberly Wheeler, Ph.D., and Christina Diamonti, Psy.D. Dkt. 22 at 2. The ALJ discounted all four doctors' opinions as overly reliant on Plaintiff's self-reports. (AR 29-31.) However, because the ALJ must reevaluate Plaintiff's testimony, this is not a valid ground to discount these medical opinions. The ALJ also discounted the opinions for other reasons, which the Court addresses in turn.

*Dr. Heilbrunn*

The ALJ found "Dr. Heilbrunn provided significant limitation on the claimant's use of her upper extremities for fine and gross manipulation, but there are no examination findings of significant deficits in motor function or sensation in the upper extremities." (AR 29.) As discussed above, the ALJ failed to consider Plaintiff's clubbed fingers, which reasonably may impact her ability to manipulate. The ALJ's finding is accordingly not supported by substantial evidence.

*Dr. Wheeler*

Dr. Wheeler "opined that the claimant had severe limitations pertaining to her ability to perform activities within a schedule, maintain regular attendance, be punctual within customary tolerances without special supervision, and complete a normal workday and workweek without interruptions from psychologically based symptoms." (AR 30.) In discounting Dr. Wheeler's opinion, the ALJ noted Dr. Wheeler's "examinations were conducted for the purpose of determining the claimant's eligibility for state assistance; the claimant was likely aware that the continuation of her state assistance was dependent upon the DSHS evaluations, and she therefore

had incentive to overstate her symptoms and complaints." (*Id.*) This is a legally erroneous ground on which to discount a doctor's opinion. *See Lester v. Chater*, 81 F.3d 821, 832 (9th Cir. 1995) ("The purpose for which medical reports are obtained does not provide a legitimate basis for rejecting them."). The ALJ also discounted Dr. Wheeler's limitations as "not consistent with the claimant's ability to engage" in a "robust range of activities." (AR 30.) Plaintiff's minimal activities are not inconsistent with Dr. Wheeler's limitations.

*Dr. Diamonti*

Dr. Diamonti opined Plaintiff's "impairments and symptoms had a marked effect on her ability to perform activities within a schedule, maintain regular attendance, be punctual within customary tolerances without special supervision, perform routine tasks without special supervision, adapt to changes in a routine work setting, set realistic goals, and plan independently." (AR 31.) The ALJ gave Dr. Diamonti's opinion "little weight," finding it inconsistent with her own exam findings, "which indicate that the claimant's thought process, thought content, mental orientation, mental perception, memory, fund of knowledge, concentration, insight, judgment, and ability to engage in abstract thought were all within normal limits." (*Id.*) Substantial evidence does not support the ALJ's finding. A showing of no cognitive impairments is not mutually exclusive with Plaintiff's somatoform, anxiety, and major depressive disorders, all of which reasonably may impede Plaintiff from discharging work-related responsibilities. The ALJ accordingly erred in discounting Dr. Diamonti's opinion on this ground.

The ALJ also appeared to discount Dr. Diamonti's opinion as inconsistent with that of reviewing psychologist Brian VanFossen, Ph.D. Because none of the other reasons the ALJ proffered to discount Dr. Diamonti's opinion are supported by substantial evidence, this reason is legally insufficient. *See Lester*, 81 F.3d at 831 ("The opinion of a nonexamining physician cannot

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL - 7

by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician *or* a treating physician.") (citation omitted).

### **CONCLUSION**

For the foregoing reasons, this matter is REVERSED and REMANDED for further administrative proceedings.

DATED this <u>19th</u> day of March, 2021.

Mary Alice Theiler
United States Magistrate Judge

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL - 8